■    DAVID W. PERFETTI, Appellant, v. SALVATION ARMY, INC., Respondent.— AULISI, J.    Appeal (1) from an order of the Supreme Court at Special Term, entered February 15, 1968 in Cortland County, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. This action is one to compel the specific performance of an alleged contract for the sale of real property. The complaint alleges that on July 26, 1967 the parties entered into an agreement whereby plaintiff was to purchase and defendant was to sell premises known as 24 Court Street, Cortland, New York for the sum of $15,000. Defendant has interposed the Statute of Frauds as a defense. The affidavits and supporting documents disclose that defendant's Cortland Advisory Board had resolved to sell the Court Street property and to take steps to acquire other facilities in the area. A resolution of the defendant's Board of Trustees, dated June 27, 1967, approved a sale of the property for the sum of $15,000, the amount offered by an unidentified prospective purchaser and also directed that a petition be presented to the Supreme Court for an order authorizing a sale for that amount. A petition was duly submitted and the order applied for was signed on July 12, 1967. Thereafter, for some undisclosed reason, the unnamed purchaser withdrew his offer. On July 26, 1967, Werner Melinder, a member of the Cortland Advisory Board and also an independent real estate agent contacted the plaintiff who had expressed some interest in purchasing the property and proceeded to show him the property. Upon completion of the inspection of the premises, plaintiff inquired as to the defendant's asking price and when told that it was $15,000, he said, "I'll take it", to which Melinder replied, "Fine". That same afternoon, a document entitled "Purchase Agreement" was drawn up and signed

by the plaintiff. The so-called "purchase agreement" was phrased in terms of an offer to purchase and reference was made throughout to an acceptance of the offer. A specific clause acknowledging acceptance was included at the end of the agreement and required the signature of the party accepting the offer contained therein. The only signatures appearing on this document are those of plaintiff and Melinder who signed only as a witness to plaintiff's signature. On the next day, plaintiff delivered to Melinder a check in the amount of $500 as a down payment. Subsequently, it was leared that on July 28, 1967, another prospective purchaser had submitted an offer to purchase the property and had also made a down payment of $500. Upon defendant's refusal to convey the property to him plaintiff commenced this action. Plaintiff contends, as he did at Special Term, that the resolution and petition to sell the property and the subsequent "purchase agreement", all taken together, constitute a sufficient memorandum to satisfy the requirements of the Statute. of Frauds (General Obligations Law, § 5–703). We do not agree. Although such a memorandum may be pieced together out of several writings, some signed and others unsigned, and parol evidence may be resorted to in aid thereof, it is essential that the separate writings sought to be so employed clearly refer to the same subject matter or transaction (*Crabtree* v. *Arden Sales Corp.*, 305 N. Y. 48). As Special Term concluded, there is totally lacking from the proof submitted any evidence that the petition and resolution relied upon were in any manner related to the subsequent transactions which the plaintiff conducted with Melinder or any indication that further evidence of any kind was available to establish such a connection. Indeed, the proof is to the contrary that the resolution was adopted and the petition submitted in response to a specific offer to purchase the property made by an unnamed purchaser other than the plaintiff prior to the adoption of the resolution. That such was the case is evident from an examination of the minutes of the Advisory Board meeting held on June 9, 1967 which show that a purchase agreement for $15,000 had been obtained for the present building on Court Street and also from the text of the resolution itself, which provides, in pertinent part: "WHEREAS: It seems to be for the best interest of this corporation to sell the said premises, for the reason said property is no longer adequate for the purposes of The Salvation Army, and recent appraisals indicate that the *price offered*, $15,000.00, is fair and reasonable market value." (Emphasis added.) According to an affidavit submitted by plaintiff, his initial discussion with Melinder concerning the possibility of purchasing the property in question did not occur until "[s]hortly before July 26, 1967", several weeks after the resolution was adopted. Order and judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.